UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRODUCT SOLUTIONS
INTERNATIONAL, INC.,

    Plaintiff,                                     Civil Action No. 21-CV-11129

vs.                                            HON. BERNARD A. FRIEDMAN

ALDEZ CONTAINERS, LLC,

    Defendant.
_____/

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is presently before the Court on defendant's motion to dismiss [docket entry 5]. Plaintiff has responded and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the following reasons, the Court shall grant defendant's motion on the grounds of res judicata.

This case arises from a commercial dispute between plaintiff Product Solutions International, Inc. ("PSI") and non-party P.B. Products, LLC ("P.B. Products") regarding the production and manufacturing of Orgo Bags, "a custom cosmetic travel bag." Compl. ¶ 2. The core of the parties' dispute is that P.B. Products did not order all of the Orgo Bags described in a purchase order that provided for the purchase of 100,000 bags within a one-year time frame. *See id*. ¶¶ 3-4. Plaintiff alleges that P.B. Products only ordered "38,296 Orgo Bags out of the 100,000 Orgo Bags that it was obligated to purchase." *Id*. ¶ 37. Plaintiff further alleges that P.B. Products claimed that "due to a lack of demand for the Orgo Bags, it had significant inventory . . . and could not accept additional shipments of [the bags]," while simultaneously ordering approximately 11,000 Orgo Bags

1

("943 cartons of Orgo Bags") from another manufacturer. *Id.* ¶¶ 33, 39.

As to defendant Aldez Containers, LLC ("Aldez"), plaintiff states that

> P.B. Products, LLC is the alter ego of Defendant, was and is at all relevant times a mere instrumentality of Defendant, and has been used to commit the various wrongful acts described herein that have caused unjust loss to Plaintiff. For example, and not by way of limitation, (i) Defendant and P.B. Products, LLC at all relevant times had common ownership and management; (ii) Copek and Byrne [the originators of the Orgo Bag] initially approached Plaintiff for the Orgo Bags project through Defendant; (iii) P.B. Products, LLC never actually had any employees of its own, but rather used Defendant's employees all while identifying them as P.B. Products, LLC's employees; (iv) P.B. Products, LLC was undercapitalized and therefore was unable to meet the financial obligations that it incurred; (v) P.B. Products, LLC and Defendant shared the same office in Michigan, with signage that only identified Defendant as being present in that location; (vi) P.B. Products issued at least one purchase order with Defendant identified as the recipient of the Orgo Bags; and (vii) pursuant to P.B. Products, LLC's instructions, Plaintiff issued invoices that specified Defendant as the recipient of Orgo Bags at its facility in Texas. Based on these and other factors, P.B. Products, LLC's corporate veil should be pierced and Defendant should be bound by the contract.

*Id.* ¶¶ 50, 58, 65 (citations omitted).

The complaint asserts three counts: breach of contract (Count I), promissory estoppel (Count II), and non-acceptance of conforming goods under the Uniform Commercial Code ("UCC") (Count III). Plaintiff claims that due to the alleged contractual breaches, "P.B. Products, LLC owes Plaintiff $506,129.44 for the balance of the Initial Order, less mitigation of Plaintiff's damages, plus any storage or disposal costs that Plaintiff incurred relative to the Orgo Bags and raw materials held by the Manufacturer before they were liquidated and/or scrapped." *Id.* ¶ 45.

Plaintiff previously filed a seven count complaint against defendant Aldez, non-party P.B. Products, and others, which remains pending before this Court. *See Prod. Sols. Int'l, Inc. v.*

*P.B. Prods., LLC, et al.*, 19-CV-12790 (E.D. Mich.) ("2019 suit"). The 2019 suit alleges substantively identical facts, asserts the same three counts (breach of contract, promissory estoppel, and non-acceptance of conforming goods under the UCC), and arose from the same commercial dispute as the instant case. *See id.*, Op. & Order at 1-2 [docket entry 11]. In an opinion and order dated June 12, 2020, the Court dismissed plaintiff's claims as to Aldez, stating that

> although PSI names Aldez as a party, the complaint alleges no facts asserting any duty owed or any breach by Aldez. The complaint does not allege that Aldez was a party to any contract. The complaint merely alleges that Aldez is a shipping company. Thus, PSI has not alleged a plausible claim against Aldez.

*Id.* at 5-6 [docket entry 11].

In response to plaintiff's complaint, defendant filed the instant motion arguing that plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), in line with this Court's opinion and order in the 2019 suit, as well as the principle of res judicata. Def.'s Br. at 2. As another judge in this district recently stated:

> While motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) typically test whether a complaint alleges sufficient facts to state a plausible claim for relief, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), a complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy," 5B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 1357 (3d ed. 1998). . . . The preclusive effect of res judicata is one such affirmative defense that is frequently considered on a motion to dismiss under Rule 12(b)(6). . . .
>
> Res judicata is a legal doctrine intended to promote judicial efficiency and comity between state and federal courts by precluding the re-litigation of claims. *Smith v. Ameritech*, 130 F. Supp. 2d 876, 880 (E.D. Mich. 2000). . . .
>
> Michigan employs a broad view of res judicata, and courts hold that

3

> the doctrine bars a successive action if "'(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'" [*Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006)] (quoting *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004)). The burden of proving the applicability of res judicata is on the party asserting it. *Abbott v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007) (citing *Baraga Cty. v. State Tax Comm'n*, 645 N.W.2d 13, 16 (Mich. 2002)).

*Scott v. City of Detroit*, 20-CV-11572, 2021 WL 323756, at *2 (E.D. Mich. Feb. 1, 2021). The Supreme Court of Michigan has further stated that the court's "broad approach to the doctrine of res judicata . . . bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised, but did not." *Adair*, 680 N.W.2d at 396.

Defendant contends that res judicata bars the present action because (1) this Court's dismissal of the first action as to Aldez "constituted a decision on the merits," Def.'s Br. at 20; (2) "[b]oth actions involve the same parties," *id*. at 21; and (3) "[t]he breach alleged in the first and second suits is identical" and therefore "[t]he matter in the second action was or could have been resolved in the first." *Id*. Defendant adds that plaintiff's veil piercing argument in the second complaint is to no avail, as "the claims could [have been], should [have been], and were disposed of in the first case." *Id*.

In response, plaintiff attempts to differentiate the 2019 suit from the instant suit by arguing that

> Plaintiff's claims against Defendant in Case No. 2:19-cv-12790 alleged that, based on its involvement in the case, Defendant was actually a party to the contract between Plaintiff and P.B. Products, LLC and was therefore directly liable to Plaintiff for the breach of that contract as well as the other claims that Plaintiff asserted in that

4

>
> case. . . .
>
> In the instant case, Plaintiff has not tried to revive or reassert direct claims against Defendant for breach of contract, promissory estoppel, or non-acceptance of conforming goods under the Uniform Commercial Code. Rather, Plaintiff alleges that P.B. Products, LLC is liable to Plaintiff for those things and requests, as part of its prayer for relief, that Defendant be held responsible for P.B. Products, LLC's wrongdoing through the equitable measure of having P.B. Products, LLC's veil pierced and liability for P.B. Products, LLC's wrongdoing assessed against Defendant.

Pl.'s Resp. Br. at 22.

Having considered the parties' briefs and the allegations raised in the 2019 suit and the instant suit, the Court concludes that plaintiff's complaint is barred by res judicata: (1) the prior action was decided on the merits, *see Federated Dept. Stores, Inv. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); (2) the actions involve the same parties; and (3) the matter in the second case was, or could have been, resolved in the first. Plaintiff's complaint falls within the broad view of res judicata adopted by the State of Michigan and therefore must be dismissed. Accordingly,

IT IS ORDERED that defendant's motion to dismiss is granted.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: August 19, 2021  SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan

5